## Andrew Seyferth v. Groves & Sand Ridge Railroad Company.

1. CONTRACT—*when will not be taken as void in a court of equity.* Where the plaintiff by injunction seeks to restrain the construction of a railroad over certain property owned by him, he will not be permitted to urge that the contract by which he conferred such right is void merely because of the non-payment to him of a purely nominal consideration which was tendered and refused.

Bill for injunction. Appeal from the Circuit Court of Jackson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

HERBERT & LEVY, for appellant.

W. W. BARR and R. J. STEPHENS, for appellee; J. M. DICKINSON, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

Andrew Seyferth, the appellant, filed a bill in the Circuit Court of Jackson county, to enjoin the Groves and Sand Ridge Railroad Company, appellees, "from going upon or doing any act preparatory to or in construction of

its railroad" upon the land of complainant described in the bill. The defendant answered the bill, to which the complainant filed replication. Upon hearing had before the court, the finding was for the defendant and a decree was entered dismissing the bill for want of equity and for costs, from which complainant appealed.

On the 20th day of October, 1902, appellant, in consideration of one dollar, executed and delivered to the agent of the appellee a written contract under which, among other things, he "granted unto the Groves and Sand Ridge Railroad Company, the option to purchase the following described lands, belonging to the undersigned" (describing the land in controversy, being a strip for right of way); upon condition expressed "that if said railroad company shall, within four months from the date hereof, pay or tender to the undersigned * * * the further sum of forty-five dollars per acre, then the undersigned· * * * agrees that he will make, execute and deliver to the said railroad company a good and sufficient deed, with general warranty, conveying to the said railroad company a fee simple title. * * * The undersigned hereby grant to the said railroad company, its contractors, sub-contractors, and its and their agents, servants and assigns, the right, upon the execution of this present instrument, to take immediate possession of the said strip of land, and to construct a railroad upon the same, and for that purpose to enter in and upon the said strip of land, with all necessary men, horses, carts and implements, laborers and material required for the construction of the said railroad, hereby releasing to the said railroad company * * * all damages on account thereof; and the said railroad company shall have the right * * * to remove the railroad track and superstructure therefrom in case the option herein provided for shall not be exercised. Provided, however, that if the railroad company shall not so pay or tender the said further sum within the period aforesaid, all rights under this instrument shall cease and determine from and after the expiration of the period aforesaid." This instrument was

signed by appellant and his wife Emma Seyferth, and both acknowledged the same November 5, 1902, before a notary public, whose certificate is attached. The consideration of one dollar recited in the contract was not in fact paid, and for this reason appellant contends that the contract or option agreement is void and without effect. Nothing was said about the one dollar consideration by either the appellant or the agent of appellee at the time the writing was drawn up and signed. But on the 5th day of November, when the agent returned with a notary public to appellant's house to take acknowledgment of appellant and his wife, appellant called attention to the fact that he had not received the one dollar consideration. And thereupon the agent took from his pocket one dollar and tendered it to appellant. He did not take it, saying, "If I want anything I will take it all at once." On February 7, 1903, appellant served notice on appellee that he withdrew the option and revoked the contract. The next day appellee, by its agent, tendered appellant the sum required by the contract and demanded a deed, which was refused. On the 12th day of May, 1903, according to the bill which was filed on the 18th day of the same month, appellee went upon the strip of land in controversy and took possession preparatory to the construction of its railroad thereon.

As we view the record the foregoing is a full and fair statement of all the facts in evidence that have any bearing upon the questions presented. We are of the opinion that the conclusion reached by the chancellor who heard the case was justified, and that the decree was right. No question is made of the validity of this contract in all of its essential features, unless it may be held void for want of a consideration. This is a proceeding in a court of equity, and under the circumstances shown the complainant in the bill is not in a position to avoid an obligation for want of payment of a purely nominal consideration, which was tendered and declined for the stated and only reason that if he wanted anything (meaning the one dollar nominal consideration), "I will take it all at once," that is, when the

defendant shall have exercised his option and paid for the land. It was equivalent to saying to appellee that he waived the payment, or that he preferred postponement of the payment, or that as between the parties it should be considered as paid though the money was not to be received until a later adjustment. From the evidence it clearly appears that when the contract was acknowledged, and thereafter until the notice of his withdrawal, his understanding no less than that of appellee was, that the contract was valid and binding. At any rate from aught he said or did no other conclusion can be drawn. He may not be heard to say that his undisclosed reason for refusing the tendered consideration was other than that stated or reasonably to be inferred from what he did and said. That would be contrary to equity and conscience, and may not prevail in a proceeding of this kind. In this case the tender of the payment of the consideration at the time the contract was completed by the signature of the wife, formally acknowledged and delivered to the appellee's agent, must be held to be as effective as though the money had been received. If appellant refused to receive the money when tendered, in order to secure the advantage now claimed and concealed his purpose as he did, then he was acting in bad faith, and therefore is not entitled to a hearing in a court of equity.

*Affirmed.*